## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Civil Action No.** _____

LIQUID BITS, CORP., a Florida corporation;
REMY JACOBSON, an individual;
JEAN-MARC JACOBSON, an individual; and
GREG BACHRACH, an individual,

      Plaintiffs,

v.

TRENDON T. SHAVERS, an individual; and
BITCOIN SAVINGS AND TRUST, a Texas-based entity;

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, LIQUID BITS, CORP., a Florida corporation; REMY JACOBSON, an individual;

JEAN-MARC JACOBSON, an individual; and GREG BACHRACH, an individual (hereinafter

"Plaintiffs"), by and through undersigned counsel, hereby sue Defendants, TRENDON T.

SHAVERS, an individual ("SHAVERS"); and BITCOIN SAVINGS AND TRUST, a Texas-based

entity ("BITCOIN-S&T") (collectively "Defendants"); pursuant to the Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA"), Florida Civil Theft statute, Florida's Securities and Investor

Protection Act, and other violations of Florida state law to recover damages for unlawful and

unwarranted theft of personal property.  In support thereof, Plaintiffs state as follows:

## PRELIMINARY STATEMENT

1.      Bitcoin is a virtual currency that may be traded on online exchanges for conventional

currencies, including the U.S. dollar, or used to purchase goods and services online.  Bitcoin has no

single administrator or central authority or repository.  For federal tax purposes, virtual currency (including Bitcoin) is treated as property.[1]

2.      From at least September 2011 to September 2012, SHAVERS, operating under the Internet name "pirateat40," offered and sold BITCOIN-S&T investments over the Internet, raising more than 700,000 Bitcoin in principal investments from BITCOIN-S&T investors, or more than $4.5 million based on the daily average price of Bitcoin when the BITCOIN-S&T investors purchased their BTCST investments.

3.      SHAVERS falsely promised investors up to 7% interest weekly based on BITCOIN-S&T's purported Bitcoin market arbitrage activity.

4.      In reality, the BITCOIN-S&T offering was a sham and a Ponzi scheme whereby SHAVERS used new BITCOIN-S&T investors' Bitcoin to pay the promised returns on outstanding BITCOIN-S&T investments and misappropriated BITCOIN-S&T investors' Bitcoin for his personal use.

5.      Plaintiffs are among those victims whose Bitcoin was misappropriated/stolen from them to fund SHAVERS' freewheeling pirate lifestyle.

## GENERAL ALLEGATIONS

### THE PARTIES

#### Plaintiffs

6.      Plaintiff LIQUID BITS, CORP. is a Florida corporation whose principal place of business is located in Hollywood, Florida.  At all times material hereto, LIQUID BITS, CORP. maintained an office in, and conducted business from, Hollywood, Florida; and for purposes of diversity jurisdiction, is a citizen of the State of Florida.

---

[1] *See*, IRS Notice 2014-21 (http://www.irs.gov/pub/irs-drop/n-14-21.pdf) at Section 4 ("Frequently Answered Questions") - Q-1 and A-1.

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

7.      Plaintiff REMY JACOBSON is an individual domiciled in Miami-Dade County, Florida and is *sui juris*.  At all times material hereto, REMY JACOBSON was a Director of LIQUID BITS, CORP.; and, at times material hereto, conducted business from the corporation's principal place of business in Florida.

8.      Plaintiff JEAN-MARC JACOBSON is an individual domiciled in Canada and is *sui juris*.  At all times material hereto, JEAN-MARC JACOBSON was a Director of LIQUID BITS, CORP.; and, at times material hereto, conducted business from the corporation's principal place of business in Florida.

9.      Plaintiff GREG BACHRACH is an individual domiciled in Miami-Dade County, Florida and is *sui juris*.

## Defendants

10.      Defendant SHAVERS is an individual domiciled in McKinney, Texas, is a citizen of the State of Texas; and is *sui juris*.  At all times material hereto, SHAVERS was the founder, operator, and a principal of BITCOIN-S&T.  In addition, SHAVERS conducted business worldwide, including with customers in the State of Florida.

11.      Defendant BITCOIN-S&T, formerly known as "First Pirate Savings & Trust," is an unincorporated entity whose business operations are based in the State of Texas.  BITCOIN-S&T conducted business worldwide, including with customers in the State of Florida.

12.      In addition to those persons and entities set forth as Defendants herein, there are likely other parties who may well be liable to Plaintiffs, but respecting whom Plaintiffs currently lack specific facts to permit them to name such persons as parties defendant.  By not naming such persons or entities at this time, Plaintiffs are not waiving their right to amend this pleading to add such parties, should the facts warrant adding such parties.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

14.     This Court has personal jurisdiction over the defendants because: (a) the defendants are operating, present, and/or doing business within this jurisdiction, and (b) the defendants' breaches and tortious activity occurred within this jurisdiction.

15.     Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, as the causes of action alleged herein arose in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

16.     On or about November 3, 2011, SHAVERS, under the Internet name "pirateat40," posted a general solicitation for BITCOIN-S&T, entitled "Looking for Lenders," on the Bitcoin Forum, an online forum dedicated to Bitcoin where, among other things, numerous Bitcoin-denominated investment opportunities were posted.  The solicitation stated that a minimum of 50 Bitcoin was required to invest.

17.     In or about early-August 2012, Plaintiffs responded to Defendants' solicitation by delivering to Defendants the following number of Bitcoin respectively:

| NAME | NUMBER OF BITCOIN |
|---|---|
| LIQUID BITS, LLC | 998 ฿ |
| REMY JACOBSON | 1,071.8114 ฿ |
| JEAN-MARC JACOBSON | 2,143.6227 ฿ |
| GREG BACHRACH | 1,607.72 ฿ |
| **TOTAL** | **5,821.1541 ฿** |

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

18.     It was at the time of purchase, and since that date has consistently remained, Plaintiffs' understanding that after they delivered their Bitcoin to Defendants, Defendants would pay Plaintiffs 7% interest weekly and would safeguard Plaintiffs' Bitcoin in a manner akin to a brick-and-mortar bank safeguarding a customer's valuable goods and money while it earned interest until such time as Plaintiffs made a demand upon Defendants to deliver to Plaintiffs the Bitcoin or to transfer all or a portion of the Bitcoin to a third party at Plaintiffs' instruction.

19.     Over time, the value of the Bitcoin purchased by Plaintiffs has fluctuated.  At the time of filing this lawsuit, the value of their Bitcoin is believed to be approximately $4,000,000.00.

20.     In July 2013 -- nearly a year full after Plaintiffs purchased their Bitcoin from Defendants -- the U.S. Securities and Exchange Commission (SEC) filed a lawsuit against Defendants, alleging that Defendants' sale of Bitcoin was a fraudulent endeavor, a sham, and a Ponzi scheme whereby SHAVERS used new BITCOIN-S&T investors' Bitcoin to pay the promised returns on outstanding BITCOIN-S&T investments and misappropriated BITCOIN-S&T investors' Bitcoin for his personal use (the "SEC Lawsuit").  The SEC's Lawsuit is styled *SEC v. Trendon T. Shavers and Bitcoin Savings and Trust*, U.S. District Court - E.D. Texas - Case No. 4:13-cv-00416-RC-ALM.

21.     According to the SEC's Lawsuit, when Defendants' scheme collapsed in August 2012 (just days/weeks after Plaintiffs transferred their Bitcoin to Defendants), Defendants made preferential redemptions to friends and longtime BITCOIN-S&T investors -- none of whom were Plaintiffs and none of whom were authorized by Plaintiffs to receive Plaintiffs' Bitcoin.

22.     Plaintiffs did not know, and through the exercise of reasonable diligence could not have discovered, the fraud that was being perpetrated upon them by Defendants.

23.     Since reading the allegations in the SEC's Lawsuit, Plaintiffs have made repeated demands upon Defendants to deliver to Plaintiffs their Bitcoin or the then-current monetary value of their property.

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

24.     On June 11, 2014, Plaintiffs presented Defendants a formal written demand under Fla. Stat. § 772.11 for either the prompt return of Plaintiffs' property or payment to Plaintiffs of the full value of that property.  *See*, **Composite Exhibit "A"** hereto.

25.     As of the date of filing this lawsuit, Plaintiffs' demands for delivery of their Bitcoin have gone unfulfilled, as Defendants have not delivered any of Plaintiffs' Bitcoin to them.  Likewise, Defendants have not provided Plaintiffs the monetary value of Plaintiff's Bitcoin.

26.     Defendants' refusal to provide Plaintiffs their Bitcoin -- as well as Defendants' other actions, omissions, and misrepresentations -- constitutes a fraud and deceit on Plaintiffs.

27.     Moreover, Defendants' actions in failing to provide Plaintiffs either the Bitcoin they delivered to Defendants or the monetary value of that property evidences Defendants' intent to, either temporarily or permanently, deprive Plaintiffs of their right to or a benefit from the Bitcoin or appropriate the Bitcoin to Defendants' own use or to the use of any person not entitled to the property.

28.     As a result of the above-cited actions, omissions and misrepresentations, Plaintiffs have been damaged in that they have been denied their personal property as well as the current monetary value of that property.

29.     Plaintiffs have duly performed all of their duties and obligations; and any conditions precedent to Plaintiffs bringing this action have occurred, have been performed, or else have been excused or waived.

30.     To enforce their rights, Plaintiffs have retained undersigned counsel and are obligated to pay counsel a reasonable fee for its services, for which Defendants are liable as a result of their bad faith and otherwise.

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

## COUNT I – VIOLATION OF
## FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT,
## FLA. STAT. §§ 501.201 - 501.213 ("FDUTPA")
### [AGAINST TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 30 above, and further allege:

31. Chapter 501, Fla. Stat., Florida's Deceptive and Unfair Trade Practices Act is to be liberally construed to protect the consuming public, such as Plaintiffs in this case, from those who engage in unfair methods of competition, or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce.

32. Plaintiffs are "consumers" within the meaning of Fla. Stat. § 501.203(7).

33. Defendants engaged in "trade and commerce" within the meaning of Fla. Stat. §501.203(8).

34. While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference the Federal Trade Commission's interpretations of these terms. The FTC has found that a "deceptive act or practice" encompasses "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

35. The federal courts have defined a "deceptive trade practice" as any act or practice that has the tendency or capacity to deceive consumers and have defined an "unfair trade practice" as any act or practice that offends public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

36. Defendants' acts and omissions of representing to Plaintiffs that, among other things, Defendants would pay Plaintiffs 7% interest weekly and would safeguard Plaintiffs' Bitcoin constitute both deceptive and unfair trade practices because the false representations and omissions made by Defendants have a tendency or capacity to deceive consumers, such as Plaintiffs, into unwittingly providing the property that fueled Defendants' fraudulent Bitcoin scheme and are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

37.     As a result of Defendants' deceptive trade practices, Plaintiffs were deceived into transferring their Bitcoin to Defendants for investment returns and property that was never delivered. The way the Defendants had their scheme rigged, Plaintiffs will most likely never receive fair (if any) monetary value for their Bitcoin -- thus causing significant economic damage to Plaintiffs.

38.     The materially false statements and omissions as described above; and the fact that Defendants perpetrated upon Plaintiffs a sham transaction; were unfair, unconscionable, and deceptive practices perpetrated on Plaintiffs which would have likely deceived a reasonable person under the circumstances.

39.     Defendants were on notice at all relevant times that the false representations of material facts described above were being communicated to prospective customers (such as Plaintiffs) by their authorized agents to increase the revenue garnered by Defendants.

40.     As a result of the false representations described above, Plaintiffs have been damaged by, among other things losing their Bitcoin and essentially being precluded from receiving a positive return on their investments.

41.     Plaintiffs have also been damaged in other and further ways subject to proof at trial.

42.     Therefore, Defendants engaged in unfair and deceptive trade practices in violation of Section 501.201 *et seq.*, Fla. Stat.

43.     At all times material hereto, BITCOIN-S&T was an "alter ego" of SHAVERS and served as a corporate entity he dominated and controlled to further his interest and participation in the fraudulent scheme.

44.     Pursuant to Sections 501.211(1) and 501.2105, Fla. Stat., Plaintiffs are entitled to recover from Defendants the reasonable amount of attorneys' fees Plaintiffs have had to incur in representing their interests in this matter.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

WHEREFORE, Plaintiffs, LIQUID BITS, CORP., a Florida corporation; REMY JACOBSON, an individual; JEAN-MARC JACOBSON, an individual; and GREG BACHRACH, an individual; demand entry of a judgment against Defendants, TRENDON T. SHAVERS, an individual; and BITCOIN SAVINGS AND TRUST, a Texas-based entity; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest and an award of attorneys' fees and costs pursuant to Fla. Stat. §§ 501.211(1) and 501.2105.  Plaintiffs reserve the right to seek leave of court to assess punitive damages against SHAVERS and BITCOIN-S&T, jointly and severally.

## COUNT II – FRAUDULENT INDUCEMENT
### [AGAINST TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 30 above, and further allege:

45.     Defendants, by acts of both omission and commission, made false statements to Plaintiffs concerning material facts about their purchase of Bitcoin including, *inter alia*, that Plaintiffs would be paid 7% interest weekly and would be delivered their Bitcoin upon demand so Plaintiffs could dispose of their Bitcoin as they saw fit, which included the ability for Plaintiffs to then sell their Bitcoin on the open market for value.  The aforementioned representations were made by SHAVERS, both in his individual capacity and as a representative of BITCOIN-S&T.

46.     Defendants knew at the time the statements were made that the statements were false.

47.     Defendants intended that Plaintiffs would be induced into action by relying upon the statements of fact made to them by Defendants.

48.     In the course of transferring their Bitcoin to Defendants and entrusting Defendants to properly return their Bitcoin with the agreed-to interest added, Plaintiffs reasonably and justifiably relied on the statements of fact made to them by Defendants.

49.     As a direct and proximate result of Plaintiffs' reliance on the statements made to them by Defendants, Plaintiffs have suffered damage.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

WHEREFORE, Plaintiffs, LIQUID BITS, CORP., a Florida corporation; REMY JACOBSON, an individual; JEAN-MARC JACOBSON, an individual; and GREG BACHRACH, an individual; demand entry of a judgment against Defendants, TRENDON T. SHAVERS, an individual; and BITCOIN SAVINGS AND TRUST, a Texas-based entity; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest and costs. Plaintiffs reserve the right to seek leave of court to assess punitive damages against SHAVERS and BITCOIN-S&T, jointly and severally.

## COUNT III – VIOLATION OF FLORIDA'S CIVIL THEFT STATUTE
### FLA. STAT. § 772.11
### [AGAINST TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 30 above, and further allege:

50.    Fla. Stat. § 812.014 ("Theft") provides, in pertinent part:

(1)    *A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:*

(a)    *Deprive the other person of a right to the property or a benefit from the property.*

(b)    *Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.*

Pursuant to §812.014(2)(a), it is a first degree felony if the property stolen is valued at $100,000.00 or more.

51.    Fla. Stat. § 772.11 ("Civil remedy for theft or exploitation") provides, in pertinent part:

*Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person*

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

*shall be given a written release from further civil liability for the specific act of theft*
*or exploitation by the person making the written demand.*

52.    As set forth above, Plaintiffs have been injured by Defendants' violation of Fla. Stat. §§ 812.014, *et seq.*

53.    Defendants knowingly obtained or used, or endeavored to obtain or use, Plaintiffs' property with "felonious intent," either temporarily or permanently, to deprive Plaintiffs of their right to or a benefit from the property or appropriate the property to Defendants' own use or to the use of any person not entitled to the property.

54.    On June 11, 2014, Plaintiffs presented Defendants a formal written demand under Fla. Stat. § 772.11 for either the prompt return of Plaintiffs' property or payment to Plaintiffs of the full value of that property.  *See*, **Composite Exhibit "A"** hereto.

55.    As of the date of filing this lawsuit -- which is more than thirty (30) days after the date on which the written demand was served -- Plaintiffs' demands for delivery of their Bitcoin have gone unfulfilled, as Defendants have not delivered to Plaintiffs either any of their Bitcoin or the monetary value of Plaintiff's Bitcoin.

56.    As a direct and proximate result of Defendants' actions and omissions, Plaintiffs have suffered damage.

57.    Pursuant to Fla. Stat. § 772.11, Plaintiffs are entitled to recover from Defendants three times the current monetary value in compensatory damages for which Defendants would otherwise be liable.

58.    Moreover, pursuant to Fla. Stat. § 772.11, Plaintiffs are entitled to recover from Defendants the reasonable amount of attorneys' fees Plaintiffs have had to incur in representing their interests in this matter.

WHEREFORE, Plaintiffs, LIQUID BITS, CORP., a Florida corporation; REMY JACOBSON, an individual; JEAN-MARC JACOBSON, an individual; and GREG BACHRACH, an

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

individual; demand entry of a judgment against Defendants, TRENDON T. SHAVERS, an individual; and BITCOIN SAVINGS AND TRUST, a Texas-based entity; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest and an award of attorneys' fees and costs pursuant to Fla. Stat. § 772.11.  Plaintiffs reserve the right to seek leave of court to assess punitive damages against SHAVERS and BITCOIN-S&T, jointly and severally.

## COUNT IV – VIOLATION OF FLORIDA'S SECURITIES AND INVESTOR PROTECTION ACT (FLA. STAT. §§ 517.011, *et seq.*)
### [AGAINST TRENDON T. SHAVERS AND BITCOIN SAVINGS AND TRUST]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 30 above, and further allege:

59.     Fla. Stat. § 517.301 makes it unlawful for anyone, in connection with the rendering of any investment advice or in connection with the offer, sale, or purchase of any investment or security: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

60.     Defendants conducted an unlawful sale of securities, and obtained Plaintiffs' property, by engaging in fraudulent activity as defined in Fla. Stat. §§ 517.011, *et seq.*

61.     More specifically, in connection with the offer to sell a security or investment to Plaintiffs, Defendants:

>     (a)     employed a scheme to defraud Plaintiff;
>
>     (b)     obtained Plaintiffs' Bitcoin (a virtual form of currency) by means of untrue statements of material fact; and
>
>     (c)     engaged in transactions and a course of business which operated as a fraud or deceit upon Plaintiffs.

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

62.     As Defendants intended, Plaintiffs justifiably relied on the material misrepresentations Defendants made to Plaintiffs in connection with Plaintiffs' transfer of Bitcoin to Defendants.

63.     As a direct and proximate result of Defendants' violations of Fla. Stat. §§ 517.011, *et seq.*, Plaintiffs have suffered damages.

64.     Defendants each participated in, or aided in, the unlawful procurement of Plaintiffs' Bitcoin in furtherance of Defendants' fraudulent scheme.

65.     Plaintiffs are entitled to an award of attorneys' fees pursuant to Fla. Stat. § 517.211.

Plaintiffs, LIQUID BITS, CORP., a Florida corporation; REMY JACOBSON, an individual; JEAN-MARC JACOBSON, an individual; and GREG BACHRACH, an individual; demand entry of a judgment against Defendants, TRENDON T. SHAVERS, an individual; and BITCOIN SAVINGS AND TRUST, a Texas-based entity; jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest and an award of attorneys' fees and costs pursuant to Fla. Stat. § 517.211.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiffs reserve their right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

Respectfully submitted,

**SILVER LAW GROUP**
*Counsel for Plaintiffs*
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 755-4799
Facsimile:     (954) 755-4684

By:_____

DAVID C. SILVER
Florida Bar No. 572764
E-mail:  DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail:  SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail:  JMiller@silverlaw.com

Dated:  August 4, 2014

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com